FILED
12/23/2013 5:20:17 PM
Kelly Ashmore
District Clerk
Grayson County

CAUSE NO.: __CV-13-2204__

| | | |
|---|---|---|
| VANITY BENSON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 59 JUDICIAL DISTRICT |
| | § | |
| TYSON FOODS, INC., | § | |
| | § | |
| Defendant. | § | GRAYSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff Vanity Benson ("Benson") presents her Original Petition and Jury Demand and for causes of action would show the Court as follows:

### Discovery Control Plan

1.   Benson intends discovery to be conducted under Level 2, TEX. R. CIV. P. 190.3.

### Service of Process

2.   Defendant Tyson Foods, Inc., ("Tyson Foods") is a foreign corporation that may be served with process by serving its registered agent, CT Corporation System, at its registered address,350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

### Background Facts

3.   This is an negligence case for work injuries and wrongful termination suit.

4.   On October 4, 2012, Tyson assigned Benson a temporary forklift which did not brake or align properly.

5.   The forklift crushed Benson's foot, breaking several bones, requiring multiple surgeries, including the placement of screws in her foot.

*Plaintiff's Original Petition and Jury Demand*

*Page 1*

FILED
12/23/2013 5:20:17 PM
Kelly Ashmore
District Clerk
Grayson County

6.     Tyson Foods is a non-subscriber to the Texas Workers' Compensation Act, and it is therefore responsible for negligent injuries to its workers.

7.     An employer must warn an employee of the hazards of employment.

8.     An employer must furnish reasonably safe equipment to use.

9.     An employer must not needlessly endanger an employee.

10.    An employer has the duty to inspect and discover dangerous conditions.

11.    An employer has a duty to protect employees from dangers it knows, or should know, in the exercise of ordinary care.

12.    An employer is responsible for taking reasonable precautions for any known or potentially known safety issues.

13.    An employer is responsible if it created or failed to correct an unsafe condition of the premises where the employee is required to work.

14.    Tyson Foods typically requests that employees who suffer on-the-job injuries sign an "Acceptance and Waiver" document after the injury.

15.    Tyson Foods may have presented Ms. Benson with an Acceptance and Waiver document for her signature at her car in the Tyson Foods parking lot.

16.    Benson did not understand the meaning of the document Tyson requested her to sign or the consequences.

17.    The form may have been an Acceptance and Waiver form to accept the limited benefits offered in Tyson's injury program and waive any rights to recover full compensation for the injuries caused by Tyson.

*Plaintiff's Original Petition and Jury Demand*

*Page 2*

FILED
12/23/2013 5:20:17 PM
Kelly Ashmore
District Clerk
Grayson County

18.     Tyson's Human Resource Manager overseeing the Tyson complex at which Benson worked did not understand the consequences of the Acceptance and Waiver form.

19.     Tyson's Human Resource Manager is not sure or does not know what is being waived.

20.     Tyson's Human Resource Manager believes the Acceptance and Waiver form is just an agreement to follow Tyson's policies regarding its injury program.

21.     No one from a Tyson Foods Human Resource Department explained the content or consequences of the Acceptance and Waiver document to Ms. Benson.

22.     No one from Tyson Foods legal department explained the content or consequences of an Acceptance and Waiver document to Ms. Benson.

23.     No manager from Tyson Foods explained the content or consequences of an Acceptance and Waiver document to Ms. Benson.

24.     The form which may have been an Acceptance and Waiver document was presented to Ms. Benson at her car by a Tyson Foods evening-shift nurse, Larry Reese.

25.     Tyson Foods nurse Larry Reese told Ms. Benson that Tyson Foods would not pay for Ms. Benson's medical expenses unless she signed the Acceptance and Waiver document.

26.     Ms. Benson signed the form in her car in the Tyson Foods parking lot in the presence of only a friend and Tyson Foods evening-shift nurse Larry Reese.

27.     Larry Reese only stated to Ms. Benson that the form was necessary for her medical expenses to be paid.

28.     Larry Reese demanded that Benson sign the paperwork.

*Plaintiff's Original Petition and Jury Demand*



*Page 3*

FILED
12/23/2013 5:20:17 PM
Kelly Ashmore
District Clerk
Grayson County

29.     Tyson pressured Benson to sign the paperwork, under duress, not allowing time to understand and consider the consequences or time for review by an attorney.

30.     Tyson refused to provide Benson with a copy of the paperwork she signed and Benson is not sure of its terms.

31.     Tyson paid Benson for portions of the time she has missed due to her injury, but refused to pay her for other portions of time she has missed.

32.     Tyson has also informed Benson that one or more of her medical provider visits was not approved although Benson was not aware of making unapproved medical provider visits.

33.     After a visit with a medical provider, Benson typically took the medical paperwork to the Tyson office. She would give the paperwork to Tyson and receive a mileage form that she filled out to receive reimbursement for her mileage to and from the doctor.

34.     Benson did not have a badge for entry into the building during her leave, and she had difficulty walking due to her injuries and surgeries.

35.     The procedure Tyson established was for Benson to call the Tyson nurse, Larry, from her car at the Tyson guard shack. The nurse would then come out to Benson's car, bringing a mileage form to Benson, and getting the medical paperwork from Benson.

36.     On July 26, 2013, after a doctor's visit following up on a recent surgery, Benson arrived at the Tyson office to exchange her medical paperwork for a mileage form.

37.     When the Tyson nurse arrived at Benson's car, Benson gave him her medical paperwork. The nurse took her paperwork but informed her that he could not give her a mileage form. He informed Ms. Benson that she was no longer employed by Tyson.

FILED
12/23/2013 5:20:17 PM
Kelly Ashmore
District Clerk
Grayson County

38.     Benson does not seek to recover or replace benefits under Tyson's injury program. Instead, she seeks remedy for violations of legal duties independent of any federal statute.

## Causes of Action

**Premises Liability and Negligence**

39.     Tyson Foods owed a duty to Benson to provide a safe workplace and safe equipment required to do her job. Tyson Foods violated its duty by:

  a.     providing a defective forklift to Ms. Benson;

  b.     failing to warn of the hazards of the defective forklift;

  c.     failing to furnish reasonably safe equipment to use;

  d.     needlessly endangering Ms. Benson;

  e.     failing to inspect and discover dangerous conditions;

  f.     failing to protect employees from dangers it knows, or should know, in the exercise of ordinary care;

  g.     failing to take reasonable precautions from any known or potentially known safety issues; and

  h.     failing to correct an unsafe condition of the premises where the employee is required to work.

40.     Tyson Foods failed to provide Ms. Benson with a necessary instrumentality in keeping with its duty to maintain a safe workplace. Tyson Foods breached that duty, causing damages to Benson within the jurisdictional limits of the Court.

*Plaintiff's Original Petition and Jury Demand*

DISTRICT COURT OF GRAYSON COUNTY, TEXAS
CERTIFIED COPY

FILED
12/23/2013 5:20:17 PM
Kelly Ashmore
District Clerk
Grayson County

41.     As a proximate result of Tyson Foods duties regarding its premises and its negligence, Ms. Benson sustained personal injuries to her body generally, including the following damages in the past and in reasonable probability in the future:

|     |     |
|-----|-----|
| a.  | physical pain and suffering; |
| b.  | mental anguish; |
| c.  | loss of enjoyment of life; |
| d.  | inconvenience; |
| e.  | physical impairment; |
| f.  | physical disfigurement; |
| g.  | loss of earning capacity in the past and future; and |
| h.  | reasonable expenses of necessary medical care in the past and future. |

**Texas Labor Code § 451.001**

42.     Section 451.001 of the Texas Labor Code prohibits a person from discharging or otherwise discriminating against an employee because the employee has filed a workers' compensation claim or instituted a proceeding under the Texas Workers' Compensation Act. For the purpose of Section 451.001, an employee does not have to actually file a claim; merely notifying an employer of a work-related injury is sufficient.

43.     Tyson Foods violated Chapter 451 of the Texas Labor Code by terminating Benson's employment.

44.     Section 451.002 of the Texas Labor Code provides that a person who violates Section 451.001 is liable for reasonable damages incurred by the employee as a result of the violation and that the employee is entitled to reinstatement in her former position of employment.

45.     As a result of Tyson Foods' violation of Chapter 451 of the Texas Labor Code, Benson suffered actual economic or pecuniary loss in the form of lost wages and benefits, as well as



FILED
12/23/2013 5:20:17 PM
Kelly Ashmore
District Clerk
Grayson County

non-economic damages in the form of mental anguish. She may have suffered other possible reasonable damages including without limitation mental anguish, inconvenience, loss of enjoyment of life, emotional distress, pain and suffering, and injury to reputation.

46.     Section 451.003 provides that a district court may restrain, for cause shown, a violation of Section 451.001. Benson has cause to be entitled to permanent injunctive relief prohibiting any further retaliation against her by Tyson Foods, including a prohibition from terminating her after reinstatement because of the claim and treating her materially adversely such that a reasonable person, had she known of the adverse action, might well have been dissuaded from bringing the claim.

47.     Because Tyson Foods acted with malice, that is, with specific intent to cause substantial injury of harm to Benson, she is entitled to an award of exemplary damages.

<u>Jury Demand</u>

48.     Benson requests a trial by jury.

WHEREFORE, Benson requests that Defendant be cited to appear and answer and that on final trial, Benson have judgment against Defendant for compensatory and exemplary damages, attorneys' and expert fees, declaratory and injunctive relief as alleged, interest as provided by law, costs of suit, and any further relief to which Benson may be entitled.

Respectfully submitted,

**SANFORDBETHUNE**

By:     */s/   Brian P. Sanford*
          Brian P. Sanford
          Texas Bar No. 17630700
          David B. Norris
          Texas Bar No. 24060934

*Plaintiff's Original Petition and Jury Demand*

*Page 7*



FILED
12/23/2013 5:20:17 PM
Kelly Ashmore
District Clerk
Grayson County

3610 Shire Blvd., Suite 206
Richardson, Texas 75082
Telephone: (972) 422-9777
Facsimile:  (972) 422-9733

**ATTORNEYS FOR PLAINTIFF
VANITY BENSON**

*Plaintiff's Original Petition and Jury Demand*



*Page 8*

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

STYLED **Vanity Benson v. Tyson Foods Inc.** _____

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| **Name:** David Norris | **Email:** dnorris@sanfordbethune.com | **Plaintiff(s)/Petitioner(s):** Vanity Benson | ☑ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 3610 Shire Blvd. #206 | **Telephone:** (972) 422-9777 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Richardson, Tx 75082 | **Fax:** (972) 422-9733 | **Defendant(s)/Respondent(s):** Tyson Foods, Inc. | **Custodial Parent:** |
| **Signature:** David Norris | **State Bar No:** 24060934 | | **Non-Custodial Parent:** |
| | | [Attach additional page as necessary to list all parties] | **Presumed Father:** |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | | Family Law |
|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br> Liability:<br><br>☑ Motor Vehicle Accident<br>☑ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br> List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br> Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br> Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign<br> Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br> of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br> Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br> Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br> Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☑ Over $1,000,000

Rev 2/13



KELLY ASHMORE
DISTRICT CLERK
JUSTICE CENTER, 200 S. CROCKETT
SHERMAN, TEXAS 75090

Brian P Sanford
SanfordBethune
3610 Shire Blvd
Suite 206
Richardson TX 75082

## CITATION

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

**Tyson Foods, Inc**
**Registered Agent CT Corporation System**
**350 N St Paul Street**
**Suite 2900**
**Dallas TX 75201-4234**

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** at or before ten o'clock a.m. on the Monday after the expiration of twenty days after the date of service of this citation before the Honorable **59th District Court** of Grayson County, Texas at the Justice Center of said County in Sherman, Texas. Said Plaintiff's Petition was filed in said court On This The 23rd Day Of December, 2013 this case, numbered **CV-13-2204** on the docket of said court, and styled:

Vanity Benson VS. Tyson Foods, Inc

The nature of the Plaintiff's demand is fully shown by a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND. accompanying this citation and make a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under hand and seal of said court at Sherman, Texas, 26 day of December 2013.

**Kelly Ashmore**
District Clerk
Grayson County, Texas



Deputy



CV-13-2204

## SHERIFF'S RETURN

Came to hand on _____ day of _____, 20_____, at _____:_____ ___. M. And
executed in _____ County, Texas on the _____ day of _____,
20_____ at _____:_____ ___.M. by delivering to each of the within-named defendant(s), in person, a true
copy of this citation, having first endorsed thereon the date of delivery, together with the accompanying
true and correct copy of the Plaintiff's Petition, at the following times and places, to-wit:

| NAME | Date Mth-Day-Yr | Time | Place, Course, Dist from Court House |
|------|-----------------|------|--------------------------------------|
|      |                 |      |                                      |
|      |                 |      |                                      |
|      |                 |      |                                      |

And not executed as to the defendant, _____ the
diligence used in finding said defendant being _____ and
the cause of failure to execute this process is: _____ and
the information received as to the whereabouts of the said defendant _____
_____

Fees – Serving: _____

_____,County, Texas

_____

Deputy

## VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

State of Texas
County of _____

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public by
_____ ,this day of _____ ,20 _____.

_____



FILED
1/20/2014 2:53:42 PM
Kelly Ashmore
District Clerk
Grayson County

CAUSE NO.: CV-13-2204

| | | |
|---|---|---|
| VANITY BENSON, | § | IN THE DISTRICT COURT |
| Plaintiff, | §§ | |
| v. | §§§ | 59TH JUDICIAL DISTRICT |
| TYSON FOODS, INC., | §§ | |
| Defendant. | §§ | GRAYSON COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff Vanity Benson ("Benson") presents her First Amended Petition and Jury Demand and for causes of action would show the Court as follows:

### Discovery Control Plan

1.    Benson intends discovery to be conducted under Level 2, TEX. R. CIV. P. 190.3.

### Service of Process

2.    Defendant Tyson Foods, Inc., ("Tyson Foods") is a foreign corporation that may be served with process by serving its registered agent, CT Corporation System, at its registered address, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

### Background Facts

3.    This is a negligence case for work injuries.

4.    On October 4, 2012, Tyson assigned Benson a temporary forklift which did not brake or align properly.

5.    The forklift crushed Benson's foot, breaking several bones, requiring multiple surgeries, including the placement of screws in her foot.

*Plaintiff's First Amended Petition and Jury Demand*



FILED
1/20/2014 2:53:42 PM
Kelly Ashmore
District Clerk
Grayson County

6.     Tyson Foods is a non-subscriber to the Texas Workers' Compensation Act, and it is therefore responsible for negligent injuries to its workers.

7.     An employer must warn an employee of the hazards of employment.

8.     An employer must furnish reasonably safe equipment to use.

9.     An employer must not needlessly endanger an employee.

10.    An employer has the duty to inspect and discover dangerous conditions.

11.    An employer has a duty to protect employees from dangers it knows, or should know, in the exercise of ordinary care.

12.    An employer is responsible for taking reasonable precautions for any known or potentially known safety issues.

13.    An employer is responsible if it created or failed to correct an unsafe condition of the premises where the employee is required to work.

14.    Tyson Foods typically requests that employees who suffer on-the-job injuries sign an "Acceptance and Waiver" document after the injury.

15.    Tyson Foods may have presented Ms. Benson with an Acceptance and Waiver document for her signature at her car in the Tyson Foods parking lot.

16.    Benson did not understand the meaning of the document Tyson requested her to sign or the consequences.

17.    The form may have been an Acceptance and Waiver form to accept the limited benefits offered in Tyson's injury program and waive any rights to recover full compensation for the injuries caused by Tyson.

*Plaintiff's First Amended Petition and Jury Demand*



*Page 2*

FILED
1/20/2014 2:53:42 PM
Kelly Ashmore
District Clerk
Grayson County

18.     Tyson's Human Resource Manager overseeing the Tyson complex at which Benson worked did not understand the consequences of the Acceptance and Waiver form.

19.     Tyson's Human Resource Manager is not sure or does not know what is being waived.

20.     Tyson's Human Resource Manager believes the Acceptance and Waiver form is just an agreement to follow Tyson's policies regarding its injury program.

21.     No one from a Tyson Foods Human Resource Department explained the content or consequences of the Acceptance and Waiver document to Ms. Benson.

22.     No one from Tyson Foods legal department explained the content or consequences of an Acceptance and Waiver document to Ms. Benson.

23.     No manager from Tyson Foods explained the content or consequences of an Acceptance and Waiver document to Ms. Benson.

24.     The form which may have been an Acceptance and Waiver document was presented to Ms. Benson at her car by a Tyson Foods evening-shift nurse, Larry Reese.

25.     Tyson Foods nurse Larry Reese told Ms. Benson that Tyson Foods would not pay for Ms. Benson's medical expenses unless she signed the Acceptance and Waiver document.

26.     Ms. Benson signed the form in her car in the Tyson Foods parking lot in the presence of only a friend and Tyson Foods evening-shift nurse Larry Reese.

27.     Larry Reese only stated to Ms. Benson that the form was necessary for her medical expenses to be paid.

28.     Larry Reese demanded that Benson sign the paperwork.

*Plaintiff's First Amended Petition and Jury Demand*

Page 3



FILED
1/20/2014 2:53:42 PM
Kelly Ashmore
District Clerk
Grayson County

29.     Tyson pressured Benson to sign the paperwork, under duress, not allowing time to understand and consider the consequences or time for review by an attorney.

30.     Tyson refused to provide Benson with a copy of the paperwork she signed and Benson is not sure of its terms.

31.     Tyson paid Benson for portions of the time she has missed due to her injury, but refused to pay her for other portions of time she has missed.

32.     Tyson has also informed Benson that one or more of her medical provider visits was not approved although Benson was not aware of making unapproved medical provider visits.

33.     After a visit with a medical provider, Benson typically took the medical paperwork to the Tyson office. She would give the paperwork to Tyson and receive a mileage form that she filled out to receive reimbursement for her mileage to and from the doctor.

34.     Benson did not have a badge for entry into the building during her leave, and she had difficulty walking due to her injuries and surgeries.

35.     The procedure Tyson established was for Benson to call the Tyson nurse, Larry, from her car at the Tyson guard shack. The nurse would then come out to Benson's car, bringing a mileage form to Benson, and getting the medical paperwork from Benson.

36.     On July 26, 2013, after a doctor's visit following up on a recent surgery, Benson arrived at the Tyson office to exchange her medical paperwork for a mileage form.

37.     When the Tyson nurse arrived at Benson's car, Benson gave him her medical paperwork. The nurse took her paperwork but informed her that he could not give her a mileage form. He informed Ms. Benson that she was no longer employed by Tyson.

FILED
1/20/2014 2:53:42 PM
Kelly Ashmore
District Clerk
Grayson County

38.     Benson does not seek to recover or replace benefits under Tyson's injury program. Instead, she seeks remedy for violations of legal duties independent of any federal statute.

## Causes of Action

**Premises Liability and Negligence**

39.     Tyson Foods owed a duty to Benson to provide a safe workplace and safe equipment required to do her job. Tyson Foods violated its duty by:

a.     providing a defective forklift to Ms. Benson;

b.     failing to warn of the hazards of the defective forklift;

c.     failing to furnish reasonably safe equipment to use;

d.     needlessly endangering Ms. Benson;

e.     failing to inspect and discover dangerous conditions;

f.     failing to protect employees from dangers it knows, or should know, in the exercise of ordinary care;

g.     failing to take reasonable precautions from any known or potentially known safety issues; and

h.     failing to correct an unsafe condition of the premises where the employee is required to work.

40.     Tyson Foods failed to provide Ms. Benson with a necessary instrumentality in keeping with its duty to maintain a safe workplace. Tyson Foods breached that duty, causing damages to Benson within the jurisdictional limits of the Court.



FILED
1/20/2014 2:53:42 PM
Kelly Ashmore
District Clerk
Grayson County

41.     As a proximate result of Tyson Foods duties regarding its premises and its negligence, Ms. Benson sustained personal injuries to her body generally, including the following damages in the past and in reasonable probability in the future:

    a.    physical pain and suffering;

    b.    mental anguish;

    c.    loss of enjoyment of life;

    d.    inconvenience;

    e.    physical impairment;

    f.    physical disfigurement;

    g.    loss of earning capacity in the past and future; and

    h.    reasonable expenses of necessary medical care in the past and future.

**Disability Discrimination**

42.     Benson filed a charge of discrimination based on the disability caused by her work injury.

43.     Tyson Foods discriminated against Benson because of her disability, ultimately terminating her because of her condition.

44.     Benson does not make a claim for disability at this time.

45.     Benson's disability claim is not ripe for filing with this Court at this time. The purpose of this portion of the pleading is to notify the Court of the claim which will be added if not resolved by the time a notice of right to sue is issued by the appropriate government agency.

<u>Jury Demand</u>

46.     Benson requests a trial by jury.

WHEREFORE, Benson requests that Defendant be cited to appear and answer and that on final trial, Benson have judgment against Defendant for compensatory and exemplary damages, attorneys' and expert fees, declaratory and injunctive relief as alleged, interest as provided by law, costs of suit, and any further relief to which Benson may be entitled.

*Plaintiff's First Amended Petition and Jury Demand*

*Page 6*

FILED
1/20/2014 2:53:42 PM
Kelly Ashmore
District Clerk
Grayson County

Respectfully submitted,

**SANFORD BETHUNE**

By:___/s/___Brian P. Sanford_____
       Brian P. Sanford
       Texas Bar No. 17630700
       David B. Norris
       Texas Bar No. 24060934

3610 Shire Blvd., Suite 206
Richardson, Texas 75082
Telephone: (972) 422-9777
Facsimile: (972) 422-9733

**ATTORNEYS FOR PLAINTIFF
VANITY BENSON**

*Plaintiff's First Amended Petition and Jury Demand*



*Page 7*

FILED
2/14/2014 2:02:27 PM
Kelly Ashmore
District Clerk
Grayson County

## CAUSE NO. CV-13-2204

| | | |
|---|---|---|
| VANITY BENSON, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | GRAYSON COUNTY, TEXAS |
| | § | |
| TYSON FOODS, INC., | § | |
| | § | |
| Defendant. | § | 59TH JUDICIAL DISTRICT |

## DEFENDANT TYSON FOODS, INC.'S ORIGINAL ANSWER

TYSON FOODS, INC. Defendant herein, files its Original Answer as follows:

### I.
### GENERAL DENIAL

1.    Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.
### SPECIAL EXCEPTIONS

2.    Defendant specially excepts to Paragraph 40 of Plaintiff's Original Petition wherein Plaintiff sets forth the damages sought by him. Defendant objects because said section fails to specify the total amount of damages which Plaintiff seeks in this case. Plaintiff is required pursuant to Rule 47(c) of Tex. R. Civ. P. to make an affirmative statement of the amount of monetary relief and non-monetary relief sought in this lawsuit. Accordingly, Plaintiff should be ordered to file by a date certain an amended pleading that re-pleads with specificity the total amount of damages which Plaintiff seeks in this case in accordance with Rule 47(c).

FILED
2/14/2014 2:02:27 PM
Kelly Ashmore
District Clerk
Grayson County

## III.
## AFFIRMATIVE DEFENSES

3.     By way of affirmative defense, Plaintiff's claims, if any, for exemplary, punitive or other damages are barred, limited, restricted, and/or governed by the provisions of the Texas Civil Practice & Remedies Code Chapter 41, and any other applicable statute concerning the recovery of damages and the common law of Texas. Accordingly, Defendant specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 41 and other applicable law.

4.     By way of affirmative defense, Defendant affirmatively pleads that Plaintiff's damages, if any, were solely caused by the conduct of other parties, including Plaintiff, or alternatively, that the conduct of other parties, including Plaintiff, was an intervening cause of Plaintiff's damages. Therefore, Defendant is not liable for such damages.

## IV.
## JURY DEMAND

5.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Tyson Foods, Inc., prays that Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

FILED
2/14/2014 2:02:27 PM
Kelly Ashmore
District Clerk
Grayson County

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
214.777.4200 / Fax 214.777.4299

By:    /s/Zach T. Mayer            
       Zach T. Mayer
       State Bar No. 24013118
       zmayer@krcl.com
       Brian J. Fisher
       Texas State Bar No. 24032178
       bfisher@krcl.com

**ATTORNEY FOR DEFENDANT
TYSON FOODS, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of February 2014, a true and correct copy of the

foregoing has been forwarded to all counsel of record as follows:

**VIA EFILE AND CMRRR# 7013 2630 0001 9825 0043**
Brian P. Sanford
David B. Norris
SANFORDBETHUNE
3610 Shire Blvd., Suite 206
Richardson, Texas 75083

                      /s/Zach T. Mayer     
                        Zach T. Mayer