IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VANITY BENSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-00121 |
| | § | |
| TYSON FOODS INC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**REGARDING PLAINTIFF'S MOTION FOR NEW TRIAL**

Now before the Court is Plaintiff Vanity Benson's ("Plaintiff" or "Benson") Motion for New Trial of Claim Under the Americas with Disabilities Act (Dkt. 116), filed on January 5, 2017. On January 19, 2017, Defendant Tyson Foods, Inc. ("Defendant" or "Tyson") filed a response in opposition (Dkt. 117), and Plaintiff filed a reply on January 26, 2017. The case was assigned to the undersigned for all proceedings, including trial and entry of judgment, in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and the consent of the parties. *See* Dkt. 7. Having considered Plaintiff's motion, Defendant's response, and all relevant pleadings, the Court finds the motion (Dkt. 116) should be **DENIED**.

### I.   BACKGROUND

This suit involves a workplace injury. Plaintiff alleges she was injured while operating a forklift as an employee of Tyson. *See* Dkt. 11 at ¶ 7. Plaintiff partially fell out of the forklift, causing the forklift to crash into a wall, pinning Plaintiff's foot and breaking several bones. *Id.* at ¶¶ 14-18. Plaintiff required multiple surgeries, including the placement of screws in her foot. *Id.* Plaintiff was ultimately terminated by Tyson. Plaintiff asserts she was terminated due to her

1

disability, while Tyson maintains she was terminated for attendance issues and job abandonment. *See* Dkt. 65 at 16-17.

Plaintiff filed her Original Petition and Jury Demand on December 23, 2013, in the 59th Judicial District Court of Grayson County, Texas. Tyson filed its Notice of Removal in this Court on February 26, 2014. On August 15, 2014, Benson filed her Second Amended Complaint ("SAC"), which is the operative complaint in this action, asserting causes of action against Tyson for premises liability, negligence, and violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. *Id*. at ¶¶ 60-62; 66-72. Plaintiff's claims against the forklift manufacturer, Crown Equipment Corporation ("Crown") for defective design, failure to warn, and negligence were dismissed with prejudice on December 8, 2015 (*see* Dkt. 49).

After denial of Defendant Tyson's motion for summary judgment on July 6, 2016, the matter was set for a jury trial. A jury was impaneled and a trial conducted beginning October 12, 2016. On October 14, 2016, the jury rendered a verdict in favor of Defendant Tyson on all claims.

## II. LEGAL STANDARD

The Court has discretion in determining whether to grant a motion for new trial under Federal Rule of Civil Procedure 59. *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 272, 276 (5th Cir. 2000). Pursuant to Fed. R. Civ. P. 59(a), the Court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." For instance, the Court has discretion to grant a new trial when it is necessary to prevent an injustice, when the jury's verdict is against the manifest weight of the evidence, when the trial was unfair, when prejudicial error occurred, or when the Court finds the damages imposed by the jury were excessive. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774-75 (5th Cir.

1995); *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989); *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612 (5th Cir. 1985).

A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovered evidence." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-49 (5th Cir. 2004). The Fifth Circuit has enumerated grounds on which a district court may grant a Rule 59(e) motion: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); FED. R. CIV. P. 59(e). Rule 59 does not allow the re-litigation of old matters, the raising of new arguments, or the submission of evidence that was available prior to the entry of final judgment. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Additionally, the reconsideration of a final judgment is an "extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000) and 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 124 (2d ed. 1995)). The standards applicable to Rule 59(e) "favor the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### III. <u>ANALYSIS</u>

For Plaintiff's motion to succeed, she must show: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore*, 318 F.3d at 629.

3

Plaintiff argues that the jury verdict on the issue of whether Plaintiff was disabled or had a record of disability is against the weight of the evidence. *See* Dkt. 116 at 2. Plaintiff also argues that the jury's failure to follow the instructions on the Verdict Form "leaves the answers in conflict and shows that the jury refused to follow the law." *See* Dkt. 118 at 2.

At trial, the Court instructed the jury on the applicable standard to be used to determine whether Plaintiff had an actual disability under the ADA. The Court specifically charged:

> To succeed in this case, Plaintiff Vanity Benson must prove each of the following by a preponderance of the evidence:
>
> 1. Plaintiff Vanity Benson had an injured foot;
>
> 2. The injured foot substantially limited her ability to walk, stand, or lift;
>
> 3. Defendant Tyson knew Plaintiff Vanity Benson had an injured foot;
>
> 4. Defendant Tyson terminated Plaintiff Vanity Benson;
>
> 5. Plaintiff Vanity Benson was a qualified individual who could have performed the essential functions of her job with reasonable accommodation when Defendant Tyson terminated her employment; and
>
> 6. Defendant Tyson terminated Plaintiff Vanity Benson's employment because of her injured foot. Plaintiff does not have to prove that her injured foot was the only reason Defendant Tyson terminated her employment.
>
> If Plaintiff Vanity Benson has failed to prove any of these elements by a preponderance of the evidence, then your verdict must be for Defendant Tyson.
>
> A "disability" is a physical impairment that substantially limits one or more major life activities. In determining whether Plaintiff Vanity Benson's injured foot substantially limits her ability to walk, stand, or lift, you should compare her ability to walk, stand, or lift with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment.
>
> In determining whether an impairment substantially limits a major life activity, you must consider the impairment without regard to the effect of such measures as medication, therapies, or surgery. In doing so, you may consider evidence of the expected course of a particular disorder without medication, therapies, or surgery.

Dkt. 102 at 4-5.

The Court also charged the jury regarding the standard to determine whether Plaintiff had established a record of disability:

> To succeed in this case, Plaintiff Vanity Benson must prove the following by a preponderance of the evidence:
>
> 1. Plaintiff Vanity Benson could have performed the essential functions of her job with reasonable accommodation when Defendant Tyson terminated her employment;
>
> 2. Plaintiff Vanity Benson had a record of a physical impairment that substantially limited one or more major life activities;
>
> 3. Defendant Tyson knew that Plaintiff Vanity Benson had a record of a disability;
>
> 4. Defendant Tyson terminated the employment of Plaintiff Vanity Benson; and
>
> 5. Defendant Tyson terminated Plaintiff Vanity Benson because she had a record of an injured foot.
>
> An individual has a record of having a disability if she has a history of or has been classified as having an impairment that substantially limits one or more major life activities.
>
> If Plaintiff Vanity Benson has failed to prove any of these elements, then your verdict must be for Defendant Tyson.

*Id*. at 5-6.

Based on the evidence presented by both parties during trial, the jury concluded that Plaintiff had neither an actual disability nor a record of disability. Plaintiff called numerous witnesses, both live and by deposition. The only medical testimony presented was in the form of a brief, videotaped deposition of Jeremy Urbanczyk, M.D., one of Plaintiff's treating physicians. No expert testimony regarding Plaintiff's disability status or record of disability with respect to the ADA was presented. Moreover, Plaintiff testified that she was currently working two part-time jobs where she was required to be on her feet and usually worked a full eight-hour day

5

between her two jobs. *See* Dkt. 112 at 127-128. She also testified that she was still able to play basketball. *Id*. at 128.

The fact that Plaintiff was unable to persuade the jury that she had an impairment that substantially limited one or more of her life activities is not sufficient to entitle Plaintiff to re-litigate her case. "Credibility determinations, the weighing of the evidence, and the drawing of the legitimate inferences from the facts are jury functions, not those of a judge." *Thomas v. Texas Dep't of Criminal Justice*, 297 F.3d 361, 368 (5th Cir. 2002) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quotation and citations omitted)). As made clear by the Fifth Circuit, denial of a new trial will be affirmed unless the movant makes a "clear showing of an absolute absence of evidence to support the jury's verdict, thus indicating that the district court abused its discretion in refusing to find the jury's verdict contrary to the great weight of the evidence." *Thomas*, 297 F.3d at 368 (citing *Whitehead v. Food Max, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998)). The Court is satisfied that the jury's verdict in this case is not contrary to law or against the great weight of the evidence and that no ground exists to grant a new trial. *See Thomas,* 297 F.3d at 368 (citing *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998) (quotation and citations omitted)).

Nor is there ground for a new trial based on Plaintiff's assertion that the jury incorrectly answered the Verdict Form. The Verdict Form contained a total of ten (10) questions, some of which depended on answers to previous questions. The final versions of the Charge of the Court (the "Instructions") and the Verdict Form used during jury deliberation evolved from several rounds of editing in conference with counsel for both parties (*see, e.g.*, Dkts. 92, 94, and 97), and Plaintiff failed to object to the questions about which he now complains.[1]

---

[1] Plaintiff only made two objections regarding the Verdict Form: (1) including Defendant Crown in the questions regarding negligence (Questions 1 and 2); and (2) making Question 8 (ADA damages) conditional on an

When the Verdict Form was returned, the Court noted that the jury answered "No" and "No" to both parts of Question 1, which addressed the negligence of Defendants Tyson and Crown. Based on those answers, the Verdict Form directed the jury to next answer Question 5:

> Question 5
>
> Did Plaintiff Vanity Benson have either a disability or a record of disability at the time of her termination?
>
> If you answered "Yes" to Question 5, then proceed to Question 6.
> If you answered "No" to Question 5, then do not proceed further, and sign and return this Verdict Form.

Dkt. 103. However, the Court noted that while the jury answered "No" to Questions 6 and 7, the jury failed to answer Question 5. Questions 6 and 7 read as follows:

> Question 6
>
> Did Defendant Tyson fail to reasonably accommodate Plaintiff Vanity Benson's disability?
>
> Question 7
>
> Has Plaintiff Vanity Benson proven that Defendant Tyson terminated her employment because of her disability or record of disability?
>
> If you answered "Yes" to Question 7, then proceed to Question 8.
> If you answered "No" to Question 7, then do not proceed further, and sign and return this Verdict Form.

*Id*. The Court instructed the jury to return to deliberate an answer to Question 5. The jury returned with an answer of "No" to Question 5. Had the jury initially answered "No" to Question 5, they would not have been asked to answer any further Questions, including Questions 6 and 7.

Plaintiff's assertion that the jury's initial oversight of Question 5 "leaves the answers in conflict and shows that the jury refused to follow the law" (Dkt. 118 at 2) mischaracterizes what occurred. There is no indication that the Instructions or the Verdict Form created jury confusion or resulted in an incorrect verdict. Other than the oversight of answering Question 5, the jurors

---

affirmative answer only to Question 7 (termination based on disability). Plaintiff argued that an affirmative answer to Question 6 (reasonable accommodation) also gives rise to ADA damages. See Dkt. 114 [Trial Transcript] at 5-6.

filled out the Verdict Form consistently and fully, and during deliberation did not ask the Court any questions about the Instructions, the substantive law contained therein, or the Verdict Form. Furthermore, there is no reason to believe that the jury did not sufficiently deliberate an answer to Question 5, after being directed to do so by the Court. The fact that by answering "No" to Question 5, the jury would not have been asked to answer any further Questions, including Questions 6 and 7, does not indicate any "conflict" in the answers or a "refusal" by the jury to follow the law and does not establish that the verdict was incorrect. Moreover, the question of whether the jury would have answered Question 5 with either a "Yes" or a "No" is irrelevant, since the "No" answers provided in response to Questions 6 and 7 still would not have entitled Plaintiff to any award of damages under her ADA claim.

### IV. CONCLUSION

Based on the foregoing, Plaintiff has failed to show she is entitled to the extraordinary relief provided for in Rule 59(e). *Templet*, 367 F.3d at 478. It is therefore ORDERED that Plaintiff's Motion for New Trial (Dkt. 116) is hereby **DENIED**.

**It is SO ORDERED.**

**SIGNED this 8th day of February, 2017.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE